```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

FRED M. MCLEOD,

                    Plaintiff,              1:17-CV-00262(MAT)
        -v-                                 **DECISION AND ORDER**

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

                    Defendant.
_____
```

**INTRODUCTION**

Fred M. McLeod ("Plaintiff"), represented by counsel, brings this action under Title II of the Social Security Act ("the Act"), seeking review of the final decision of Nancy A. Berryhill, Acting Commissioner of Social Security ("the Commissioner" or "Defendant"),1 denying her application for disability insurance benefits ("DIB"). The Court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' competing motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons set forth below, the Commissioner's decision is affirmed, Plaintiff's motion is denied, and Defendant's motion is granted.

---

1 Nancy A. Berryhill is no longer serving in this position. The Clerk of Court therefore is directed to substitute "The Commissioner of Social Security" for "Nancy A. Berryhill, Acting Commissioner of Social Security" as the defendant in this action. See 20 C.F.R. § 422.210(d).

**PROCEDURAL BACKGROUND**

On March 13, 2013, Plaintiff protectively filed for DIB, alleging disability beginning June 1, 2010. (Administrative Transcript ("T.")[2] 109, 195-96). The claim was initially denied on August 12, 2013, and Plaintiff timely requested a hearing. (T. 115-24). A hearing was conducted on May 1, 2015 in Buffalo, New York by Administrative Law Judge Donald T. McDougall ("the ALJ"). (T. 48-100). Plaintiff appeared with his attorney and testified. A vocational expert ("VE") also testified.

The ALJ applied the five-step sequential evaluation promulgated by the Commissioner for adjudicating disability claims. See 20 C.F.R. § 404.1520(a). At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. (T. 14). At step two, the ALJ found Plaintiff had the severe impairments of vertigo and vertebrogenic disorder. (T. 15). At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of any impairment in the Listing of Impairments. (T. 16). Before proceeding to step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform light work as defined in C.F.R. § 404.1567(b) with certain non-exertional restrictions. (T. 17). At step four,

---

[2] Citations to "T." refer to pages in the transcript of the certified administrative record.

the ALJ determined that Plaintiff is unable to perform any of his past relevant work as a swimming pool servicer and a garage supervisor. (T. 21). At step five, the ALJ found that Plaintiff can perform the requirements of representative occupations such as cashier (Dictionary of Occupational Titles ("DOT") No. 201.462-010, unskilled, light), information clerk (DOT No. 237.367-018, unskilled, light), and bench assembler (DOT No. 706.684-042, unskilled, light), with 335,000; 170,000; and 185,000 positions, respectively, in the national economy. (T. 21-22).

The ALJ issued an unfavorable decision on September 22, 2015. (T. 9-27). Plaintiff timely requested review of the ALJ's decision by the Appeals Council. (T. 7-8). The Appeals Council denied Plaintiff's request for review on March 6, 2017, making the ALJ's decision the final decision of the Commissioner. (T. 1-6). Plaintiff instituted a civil action in this Court on March 27, 2017. (Docket No. 1).

## SCOPE OF REVIEW

A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by "substantial evidence" or if the decision is based on legal error. 42 U.S.C. § 405(g); see also

3

Green-Younger v. Barnhart, 335 F.3d 99, 105-06 (2d Cir. 2003). The district court must accept the Commissioner's findings of fact, provided that such findings are supported by "substantial evidence" in the record. See 42 U.S.C. § 405(g) (the Commissioner's findings "as to any fact, if supported by substantial evidence, shall be conclusive"). "Substantial evidence means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Shaw v. Chater, 221 F.3d 126, 131 (2d Cir. 2000) (quotation omitted). The reviewing court nevertheless must scrutinize the whole record and examine evidence that supports or detracts from both sides. Tejada v. Apfel, 167 F.3d 770, 774 (2d Cir. 1998) (citation omitted). "The deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." Byam v. Barnhart, 336 F.3d 172, 179 (2d Cir. 2003) (citing Townley v. Heckler, 748 F.2d 109, 112 (2d Cir. 1984)).

**DISCUSSION**

Plaintiff contends that remand is warranted for the following reasons: (1) the ALJ substituted his own medical judgment for that of a physician when determining Plaintiff's RFC; and (2) the ALJ failed to develop the record by not obtaining another medical opinion in addition to the one issued

by consultative physician Dr. John Schwab. Defendant argues that the ALJ did not commit legal error and that his determination was supported by substantial evidence and should be affirmed. For the reasons discussed below, the Court finds Plaintiff's arguments to be without merit and affirms the ALJ's decision.

**I. Erroneous Weighing of the Consultative Physician's Opinion and Improper Substitution of the ALJ's Lay Opinion for That of a Medical Expert (Plaintiff's Argument 1)**

Plaintiff argues that the ALJ erroneously substituted his own medical judgment for that of a physician by effectively rejecting the opinion of consultative examiner Dr. Schwab. Dr. Schwab performed a consultative examination of Plaintiff on August 5, 2013, at the Commissioner's request. (T. 251-53). Dr. Schwab reported that Plaintiff appeared to be in no distress, displayed a normal gait and station, could walk on his heels and toes without difficulty and could squat fully, did not use an assistive device, needed no assistance getting on or off the examination table, and rose from his chair without difficulty. (T. 252). Clinically, Plaintiff exhibited full grip strength; full range of motion in his cervical spine, hips, knees, ankles, shoulders, elbows, forearms, wrists, and fingers; had full muscle strength with no muscle atrophy or sensory abnormality; and had normal reflexes. As to his thoracic and lumbar spine, he had

5

flexion to 50 degrees, extension to zero degrees, and right lateral flexion to 20 degrees, but he declined to perform a rotational maneuver. (Id.). The results of the straight-leg raising ("SLR") test were positive in the supine position at 60 degrees on the right and 40 degrees on the left but were not confirmed in the sitting position. (Id.). Plaintiff displayed no evidence of spinal or paraspinal tenderness or spasming, and he had no trigger points. Dr. Schwab assessed low back pain, status post three surgeries. (Id.). For his medical source statement, Dr. Schwab opined that Plaintiff was mildly restricted in bending, lifting, and carrying. (T. 253).

The ALJ assigned "significant weight" to Dr. Schwab's opinion. (T. 20). The ALJ noted that Dr. Schwab's clinical examination reflected "only mild abnormalities" and was "generally consistent" with the records from treating neurosurgeon Dr. Loubert Suddaby, who documented diminished ankle reflexes but negative SLR test results and normal muscle tone, bulk, and power. (T. 20 (citing Exhibit ("Ex.") C1F(2), T. 244)).

Plaintiff argues that the ALJ effectively rejected Dr. Schwab's opinion that he had only mild restrictions in bending, lifting, and carrying since the ALJ assessed a "much more restrictive RFC finding," with "far more than mild

6

limitations." (See Plaintiff's Brief (Docket No. 9-1) ("Pl's Br.") at 15). Plaintiff contends that the ALJ impermissibly "played doctor" by substituting his own lay opinion for that of a medical expert. (See id.).

Plaintiff is correct that an ALJ "cannot arbitrarily substitute his own judgment for competent medical opinion. . . . [W]hile an [ALJ] is free to resolve issues of credibility as to lay testimony or to choose between properly submitted medical opinions, he is not free to set his own expertise against that of a physician who [submitted an opinion to or] testified before him." Balsamo v. Chater, 142 F.3d 75, 81 (2d Cir. 1998) (quoting McBrayer v. Secretary of Health and Human Servs., 712 F.2d 795, 799 (2d Cir. 1983) (internal quotation marks and citations omitted in original)). However, Plaintiff has not explained how Dr. Schwab's opinion that Plaintiff has no exertional limitations and only mild limitations in lifting, bending, and carrying is inconsistent with the ALJ's determination that Plaintiff is limited to light work with a number of detailed, non-exertional restrictions. (T. 17). Courts in this Circuit have found that RFCs for a range of light work were supported by physician assessments that are more restrictive than Dr. Schwab's in this case. See, e.g., Nelson v. Colvin, 2014 WL 1342964, at *12

(E.D.N.Y. 2014) (finding that "the ALJ's determination that [p]laintiff could perform 'light work' is supported by [doctor's] assessment of 'mild to moderate limitation for sitting, standing, walking, bending, and lifting weight on a continued basis'") (citing Lewis v. Colvin, 548 F. App'x 675, 678 (2d Cir. 2013) (summary order) ("[T]he ALJ's determination that Lewis could perform 'light work' is supported by Dr. Datta's assessment of 'mild limitations for prolonged sitting, standing, and walking,' and direction that Lewis should avoid "heavy lifting, and carrying.'") (citation to record omitted)).

Courts in this Circuit have consistently rejected the contention, urged by Plaintiff here, that "the fact that the ALJ's RFC assessment did not perfectly match [an examining medical source]'s opinion, and was in fact more restrictive than that opinion, is not grounds for remand." Castle v. Colvin, No. 1:15-CV-00113(MAT), 2017 WL 3939362, at *3 (W.D.N.Y. Sept. 8, 2017) (citations omitted); Richardson v. Colvin, No. 15-CV-6276 CJS, 2016 WL 3179902, at *8 (W.D.N.Y. June 8, 2016) (rejecting claimant's argument that ALJ improperly substituted his opinion for competent medical opinion in determining claimant could perform light work; record contained examining physician's

opinion that claimant has a "mild limitation" on lifting and carrying).

The ALJ specifically considered Plaintiff's documented and stated difficulties with walking by including the limitation that he must be able to change positions at least every thirty minutes. His limitations in bending, lifting, and carrying were addressed by including the limitations of not being required to bend more than forty-five degrees, and only being required to bend occasionally. (T. 17). Moreover, these limitations are not inconsistent with Plaintiff's hearing testimony that bending over to pick something up was the most difficult physical task for him to do. (T. 63-64). They also are not inconsistent with his statement in January 2015, that he could lift light to medium weight and sit for 30 minutes, as well as his statement on July 28, 2015, that he could stand for 30 minutes and walk for 30 minutes. (T. 334, 363). Likewise, the limitations that Plaintiff cannot climb ladders, ropes or scaffolds; cannot balance or use stairs or ramps more than occasionally; and cannot work at heights or around dangerous or moving machinery relate to Plaintiff's complaints of dizziness. (Id.).

The ALJ also found it significant that Plaintiff retained the ability to work part-time, from 2010 through 2012—which was

9

during the relevant period—performing tasks that included trimming bushes and working at a car wash and at a vinyl graphics business. (T. 18, 57, 199, 264). See 20 C.F.R. § 404.1571 ("The work, without legality, that you have done during any period in which you believe you are disabled may show that you are able to work at the substantial gainful activity level. . . . Even if the work you have done was not substantial gainful activity, it may show that you are able to do more work than you actually did."). As recently as April 17, 2013, which was about four months before Dr. Schwab's consultative examination, Plaintiff reported that he had been doing heavy raking at work. (T. 324).

The ALJ also properly considered Plaintiff's testimony that he could drive for short periods, cook once a week, and clean three times a week when determining Plaintiff's RFC. (T. 15, 18-20, 251). See Cichocki v. Astrue, 729 F.3d 172, 178 (2d Cir. 2013) (holding that plaintiff's ability to perform daily tasks such as walk her dogs and clean her house was consistent with an RFC to perform light work).

**II. Failure to Develop the Record (Plaintiff's Argument 2)**

Plaintiff argues that the ALJ failed to develop the record by (1) not obtaining an additional medical opinion besides Dr. Schwab's to determine Plaintiff's RFC; and (2) not obtaining

10

the decision on Plaintiff's prior disability claim for a closed period that ended in February 2006. (See Pl's Br. at 18-23).

Since a hearing on disability benefits is a non-adversarial proceeding, an ALJ has an affirmative duty to fully and fairly develop the record. Perez v. Chater, 77 F.3d 41, 47 (2d Cir. 1996). However, "where there are no obvious gaps in the administrative record, and where the ALJ already possesses a complete medical history, the ALJ is under no obligation to seek additional information." Petrie v. Astrue, 412 F. App'x 401, 406 (2d Cir. 2011) (summary order). The ALJ is only required to obtain additional evidence when the administrative record "'does not contain sufficient evidence to make a fair determination.'" Williams v. Colvin, 98 F. Supp.3d 614, 630 (W.D.N.Y. 2015) (quoting Ubiles v. Astrue, No. 11-CV-6340T MAT, 2012 WL 2572772, at *10 (W.D.N.Y. July 2, 2012) (citing Perez v. Chater, 77 F.3d 41, 47–48 (2d Cir. 1996)).

Plaintiff argues the ALJ failed to develop the record by not obtaining an additional medical opinion besides Dr. Schwab's on Plaintiff's functional limitations. (See Pl's Br. at 21). However, the absence of a medical opinion does not necessarily mean that the record contains an obvious gap, provided the record relied upon contains sufficient evidence from which the ALJ can

11

assess the claimant's RFC. See, e.g., Monroe v. Comm'r of Soc. Sec., 676 F. App'x 5, 8 (2d Cir. 2017) (summary order) (rejecting claimant's contention that, because the ALJ rejected Dr. Wolkoff's opinion, there was no competent medical opinion that supported the ALJ's RFC determination; however, the record contained sufficient evidence to formulate RFC, in particular, Dr. Wolkoff's contemporaneous and detailed assessments of claimant's limitations and descriptions of her activities) (citations omitted).

Because the record here did not contain an obvious gap, the ALJ was not required to seek an opinion from a treating source or have a medical expert review the record and provide a report. Notably, Plaintiff omits mention of the statement from his primary care physician, Dr. Kevin McMahon, on February 14, 2012, that Plaintiff retained the functional capacity to perform some work, but he "[m]ay need some job retraining to do something less physical" than working at a car wash, for instance. (T. 57, 264-65, 322, 324).

Plaintiff also argues the ALJ failed to develop the record by failing to obtain an earlier ALJ decision that granted an award of benefits for a closed period until February 2006, when Plaintiff was permitted by his orthopedic surgeon, Dr. Suddaby,

to return to work. (T. 207). However, courts in this Circuit have held that the ALJ's duty to develop the record extends only with respect to the 12-month period prior to the claimant's filing date. E.g., Reyes v. Colvin, No. 13CV3464-WHP-FM, 2015 WL 872075, at *4 (S.D.N.Y. Feb. 25, 2015), report and recommendation adopted, No. 13CV3464, 2015 WL 1499378 (S.D.N.Y. Mar. 30, 2015) (citing 20 C.F.R. § 404.1512(d) ("Before we make a determination that you are not disabled, we will develop your complete medical history for at least the 12 months preceding the month in which you file your application. . . ."); other citations omitted).

In correspondence to Plaintiff's counsel, the ALJ indicated he received the decision, which was in the earlier case's e-file. (T. 241). Moreover, the prior decision was only relevant to a disability period ending in February 2006, which was four years prior to the alleged onset date of Plaintiff's current claim. Significantly, Plaintiff returned to work after being cleared by Dr. Suddaby and performed a job at the medium exertional level for about three years, before filing the current application in June 2010. The earlier decision was remote in time from the most recent alleged onset date, and it was followed by an intervening period of medical improvement. Thus, it was of questionable probative value. See O'Connell v. Colvin, 558 F. App'x 63, 64

13

(2d Cir. 2014) (summary order) (holding that the ALJ was under no obligation to obtain treatment records from the time of plaintiff's initial knee injury because it occurred almost a decade prior; nor was ALJ required to obtain records from ongoing treatment that occurred more than two years after the date last insured).

## CONCLUSION

For the foregoing reasons, the Court finds that the Commissioner's decision is free of legal error and is supported by substantial evidence. Accordingly, Plaintiff's motion for judgment on the pleadings (Docket No. 9) is denied, and the Commissioner's motion for judgment on the pleadings (Docket No. 14) is granted. The Clerk of the Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED**.

S/Michael A. Telesca
_____
HONORABLE MICHAEL A. TELESCA
United States District Judge

Dated: September 11, 2018
Rochester, New York